MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Anthony Beley

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ANTHONY BELEY, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | COMPLAINT; JURY |
| | ) | DEMAND; SUMMONS |
| vs. | ) | |
| | ) | |
| HAWAII AFFORDABLE | ) | |
| PROPERTIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>COMPLAINT</u>

COMES NOW, Plaintiff ANTHONY BELEY, by and through his attorneys

Charles H. Brower and Michael P. Healy, and for cause of action against Defendant,

alleges and avers as follows:

## NATURE OF CASE

1. Plaintiff ANTHONY BELEY (hereinafter "BELEY") is and was at all times mentioned herein a resident of Honolulu, Hawaii, and citizen of the State of Hawaii.

2. Defendant HAWAII AFFORDABLE PROPERTIES, INC. (hereinafter "HAWAII AFFORDABLE")

3. Plaintiff was hired by Defendant HAWAII AFFORDABLE IN 2011, as a Resident Manager.

4. Plaintiff is Filipino.

5. On October 15, 2020, Plaintiff was terminated from his position due to discrimination based on his race and national origin.

## JURISDICTION

6. The jurisdiction of this Court is pursuant to Title VII of the Civil Rights Act of 1964, as amended.

7. The administrative prerequisites for filing this cause of action have been fulfilled. A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on April 19, 2022. The Charge of Discrimination filed alleged discrimination due to race and National Origin/Ancestry.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant HAWAII AFFORDABLE IN 2011, as a Resident Manager.

2

9.  In the Fall of 2020, management of Winston Hale was transferred to HAWAII AFFORDABLE. Plaintiff's manager was Caucasian.

10. On October 1, 2020, the manager demoted Plaintiff to a Laborer position, and Plaintiff was replaced as Resident Manager by a Caucasian.  No reason was given to Plaintiff regarding his demotion with Defendant HAWAII AFFORDABLE.

11. Plaintiff had been performing his duties as Resident Manager satisfactorily.

12.  The manager also promoted another Caucasian to Head of Maintenance.

13.  On October 15, 2020, Plaintiff was terminated from employment with Defendant HAWAII AFFORDABLE. No reason was given for the termination.

14.  Prior to termination from Defendant HAWAII AFFORDABLE, Plaintiff was a satisfactorily employee and had performed his job duties satisfactorily.

15.  If not for Plaintiff's race and national origin, Plaintiff would not have been terminated from employment with Defendant HAWAII AFFORDABLE.

## STATEMENT OF CLAIMS

### COUNT I - RACE

16. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

17. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to race.

18. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

19. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

20. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

21. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

## COUNT II - NATIONAL ORIGIN DISCRIMINATION

22. Plaintiff repeats and re-alleges all prior allegations as if fully set forth herein.

4

23. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination and termination due to national origin.

24. The aforesaid acts and/or conduct of Defendant constitutes discrimination as they were acts and/or failure to act by Defendant and its employees in direct violation of Title of the Civil Rights Act of 1964, as amended.

25. Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

26. As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

27. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

28. The actions of Defendant and its employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff BELEY prays that judgment be entered on all Counts:

A.    For reinstatement to employment with Defendant HAWAII AFFORDABLE with full benefits; and

B.    For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.    For special damages, including back pay, front pay and other expenses; and

D.    For punitive damages; and

E.    For attorney's fees, costs, and interest, including prejudgment interest; and

F.    For such other and further relief as is appropriate.

DATED:  Honolulu, Hawaii, July 18, 2022.

/s Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Anthony Beley